JAMES F. GRIFFIN

v.

CHARLES R. HASKINS ET AL.

*Real Property—Conveyance Procured by Fraud—Possession of Grantor as Notice—Presumption—Evidence.*

1. The actual occupancy of premises is notice of whatever right, title, interest or equity the occupant may have therein.

2. Where the grantor of real estate remains in possession, all persons

holding under the grantee are chargeable with notice of all claims of the grantor, both legal and equitable, and if the original conveyance was procured by fraud, such persons can not be protected as innocent purchasers.

3.  In the case presented, it is *held:* That no presumption can be entertained that the purchaser of a note secured by trust deed would not have ascertained by inquiry that the original conveyance was fraudulent.

[Opinion filed January 15, 1887.]

APPEAL from the Circuit Court of Iroquois County; the Hon. ALFRED SAMPLE, Judge, presiding.

Messrs. A. VAN BUREN and JOHN OLNEY, for appellant.

Messrs. DOYLE, MORRIS & PIERSON, for appellees.

BAKER, P. J.   On the 5th day of February, 1881, Herbert Smith, being the owner and in possession of certain lots and the store and dwelling house thereon, in Loda, Iroquois County, Illinois, executed a conveyance of the premises to Charles R. Haskins.   At the same time, and in exchange therefor, Haskins made a deed to Smith purporting to convey a section of land in Missouri.   In this transaction Smith acted upon the faith of an affidavit made by Haskins and a pretended abstract of title, which afterward turned out to be wholly false and fraudulent and signed by a fictitious name.   At the date of these deeds Haskins executed to Smith a lease at the nominal rent of $1, of the property in Loda, to expire on the 4th day of April following, and Smith continued in the occupancy of the premises.

On the 7th day of February, 1881, Haskins made his promissory note of that date, for $500, payable to the order of himself and due in one year with 8 per cent. interest, and indorsed it in blank, and secured it by a deed of trust on the Loda property, which was filed for record on the 10th of that month, and on the 19th of the month he made a warranty deed for the Loda lots to one Ernest Riveland for the alleged consideration of $2,000.   During the latter half of February and the early part of March, William Garner and one Trepes

were busy hawking the $5.0 note and deed of trust about Chicago, and trying to find a purchaser for them at a heavy discount. The evidence tends very strongly to show that these two men were acting in concert with Haskins in the whole fraudulent transaction, and were to share in the spoils; and Trepes, while pretending to act as the agent of Smith, inveigled him into the exchange of his Loda property for the false, fraudulent and forged title to Missouri lands, and charged and collected from Smith $75 for services as such agent.

The latter part of February, 1881, Trepes offered to sell the note and deed of trust to Jay Reed, an attorney in Chicago, for $450, and left them with him for examination. The next day Reed went to Loda, and saw the property there, and Smith, and the pretended abstract of title to the Missouri lands. We are fully satisfied from the evidence that it was at this interview with Reed that Smith first became suspicious of the abstract and the title to the section of land in Missouri. Reed testifies the interview was in the latter part of February; that he afterward went to Dakota, and arrived in Dakota on the 1st day of March. On the 4th of March, Smith sent his father to Missouri to examine into the matter of these lands, and he testifies he was induced to do so on account of a conversation he had with Reed, an attorney who came from Chicago, about the last of February.

The result of the trip to Missouri, and an abstract of title afterward obtained from the recorder of deeds there, was an ascertainment of the fact the title of Haskins to the section of land was false, fraudulent and fictitious. At the June term, 1881, of the Iroquois Circuit Court, upon bill in chancery filed by Smith on the 25th day of the preceding March, and to which Haskins, Riveland and others were made parties, the deed from Smith to Haskins was set aside on the ground it was obtained by fraud, and the deed from Haskins to Riveland and the deed of trust executed by Haskins were set aside and declared to be null and void. Smith continued in the actual, peaceable and exclusive possession of the Loda property until the 16th day of December, 1881, when he conveyed the same by deed of warranty for a valuable consideration to J. B.

Wasson; and said Wasson forthwith took actual and exclusive possession of the premises, and has so remained in possession from that time hitherto.

In 1883, James T. Griffin, appellant herein, filed this bill in chancery in the Iroquois Circuit Court for the purpose of foreclosing the deed of trust above mentioned, and made Haskins, Riveland, Smith, Wasson, and others parties defendant thereto. Smith and Wasson, and Hill, a tenant of Wasson, answered and made defense; and such proceedings were afterward had in the Circuit Court as that upon a hearing of the cause a decree was rendered dismissing the bill as to all the rights of Smith, Wasson and Hill, and ordering that the mortgage or deed of trust on the Loda lots be no lien thereon, and against appellant for costs.

Appellant claims to be an innocent purchaser for value of the note and deed of trust; but even this point is, from the evidence, somewhat doubtful. In the leading case of Olds v. Cummings, 31 Ill. 188, it was held that he who buys that which is not assignable at law, relying upon a court of chancery to protect and enforce his rights, takes it subject to all the infirmities to which it would have been liable in the hands of the assignor; and it was further there held that where a promissory note secured by mortgage is assigned, and resort is had to a court of equity to foreclose the mortgage, that court will let in any defense which would have been good against the mortgage in the hands of the mortgagee himself, and this regardless of the fact that the assignee may have purchased the note in good faith and before maturity. This doctrine has been followed in numerous subsequent decisions, and it would seem the rule announced in these cases has application in the litigation now in hand.

At the time appellant took the assignment of the note and mortgage Smith was in the actual occupancy of the store house, dwelling and lots, and the doctrine in the State is that the actual occupancy of premises amounts to notice of whatever right, title, interest or equity such occupant may have. Coari v. Olsen, 91 Ill. 273, and authorities there cited. Even if Haskins had made and delivered an absolute conveyance of

the lots to him, appellant would not have occupied the position of an innocent purchaser, for Smith being in possession, he would have been bound to inquire by what right or title he held. We find no facts or circumstances in proof that would estop Smith from claiming his equitable title to the lots.

The rule is, that whatever is sufficient to put a party upon inquiry is good notice of all facts which the inquiry would have disclosed. Redden v. Miller, 95 Ill. 336. It is urged that until about the middle of March, Smith rested secure as to his title to the Missouri lands, and if inquiry had been made of him he would have stated that he had conveyed to Haskins, and held as his tenant. This conclusion assumes too much. Had he applied to Smith for information, there is no presumption he would not have ascertained the same fact that Reed ascertained, that a fraud had been perpetrated on Smith, and the result of the interview would probably have been to excite in Smith a belief or apprehension he had been swindled, just as the event really was, in the instance of the interview Reed had with Smith. Besides this, had appellant sought information at any time after Reed went to Loda, in the latter part of February, Smith would not have told him the title to the lands he had exchanged for was all right, and the mortgage on the Loda lots valid. Reed testifies the deed of trust and note remained in his possession, and were not returned to Trepes until after his return from Dakota, about the middle of March. Appellant himself states, in his first examination as a witness, that he did not advance the $160 on the note and trust deed until about the middle of March; and he afterward states, upon his being recalled as a witness, that he paid the money on the 5th day of March. Both of these dates were subsequent to the time Smith had become suspicious of his title to the land in Missouri, and after the date he had sent his father to that State to get information. And so it is quite evident that had appellant inquired of Smith at or shortly before the time he claims to have bought the note and mortgage and to have paid out money on the faith of the latter, he would have received no information to the effect the supposed lien on the Loda lots was good and valid. Besides

this, in White v. White, 89 Ill. 460, it was expressly held that where the grantor of real estate remains in its possession, all persons purchasing the same from the grantee are chargeable with notice of all the claims of the grantor, both legal and equitable, and if the original conveyance is procured by fraud and deceit, such purchasers are held to notice of such fact, and can not be protected as innocent purchasers.

In the view we have taken of this case, it is unimportant to consider the criticisms made upon a few of the rulings of the court in respect to the introduction of testimony.

The decree is affirmed.

*Affirmed.*